UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elizabeth Kummbella,

       Plaintiff,

v.                                                                   Civil No. 08-4549 (JNE/JSM)
                                                                           ORDER

Eric H. Holder, Jr., Attorney General of the
United States, et al.,

       Defendants.

This is a petition for review of the denial of an application for naturalization brought by Elizabeth Kummbella against the Attorney General of the United States, the Secretary of the Department of Homeland Security, the Director of U.S. Citizenship and Immigration Services (USCIS), and the Director of the St. Paul District of USCIS (collectively, Defendants).[1] *See* 8 U.S.C. § 1421(c) (2006).  The case is before the Court on Defendants' Motion for Summary Judgment.  For the reasons set forth below, the Court grants Defendants' motion.

### I.     BACKGROUND

In 1999, Kummbella and Emmanuel Mbella Esange, citizens of Cameroon, were married in Cameroon.  Esange then applied for the U.S. State Department Diversity Lottery.  In 2001, the U.S. Embassy in Cameroon notified him that he had been chosen to receive an immigrant visa.  As Esange's spouse, Kummbella also received an immigrant visa.  *See id.* § 1153(d).

In November 2001, Kummbella entered the United States.  Four months later, Esange entered the United States.  He returned to Cameroon a few months later.  To Kummbella's knowledge, Esange never returned to the United States.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Eric H. Holder, Jr., for Michael Mukasey and Janet Napolitano for Michael Chertoff.

Over the course of the next few years, Kummbella left the United States to travel to Cameroon on three occasions. She left the United States on her first trip in July 2002, and she returned the next month. Her second trip lasted from July 2004 to September 2004. Her third trip took place in December 2004 and January 2005. In the meantime, Kummbella and Esange divorced in October 2004.

In 2007, Kummbella applied for naturalization. USCIS determined that Kummbella had not lawfully entered the United States. According to USCIS, Kummbella did not lawfully enter the country because she entered the United States four months before Esange instead of accompanying or following to join him. *See id.* Because she had not lawfully entered the country, USCIS denied her application. By letter dated November 1, 2007, USCIS notified Kummbella of its decision. On the same day, the Department of Homeland Security issued Kummbella a Notice to Appear charging that she was subject to removal from the United States.

Kummbella requested a hearing on the decision to deny her naturalization application. In March 2008, USCIS affirmed its decision to deny Kummbella's naturalization application. In May 2008, U.S. Immigration and Customs Enforcement filed the Notice to Appear with the immigration court. Kummbella brought this action in July 2008. *See id.* § 1421(c). Defendants now move for summary judgment.

## II.   DISCUSSION

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant satisfies its burden, the party opposing the motion must respond by submitting evidentiary materials that "set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the party opposing the motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Defendants raise three arguments in support of their motion.  Defendants first argue that Kummbella is statutorily ineligible for naturalization because she unlawfully entered the United States.  Defendants next argue that they are not equitably estopped from asserting that Kummbella unlawfully entered the country.  Finally, Defendants assert that this Court is precluded by 8 U.S.C. § 1429 (2006) from ordering Kummbella naturalized because removal proceedings are currently pending against her.  The Court begins with Defendants' third argument.

"The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General."  8 U.S.C. § 1421(a).  "A person whose application for naturalization . . . is denied . . . may seek review of such denial before" a United States district court.  *Id.* § 1421(c).  Section 1429 provides in relevant part that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act."  "[T]he restraints that § 1429 imposes upon the Attorney General prevent a district court from granting effective relief under § 1421(c) so long as removal proceedings are pending."  *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004); *see Ajlani v. Chertoff*, 545 F.3d 229,

239-41 (2d Cir. 2008); *Bellajaro v. Schiltgen*, 378 F.3d 1042, 1046-47 (9th Cir. 2004). Here, it is undisputed that removal proceedings against Kummbella are pending. The Court therefore cannot grant Kummbella relief pursuant to section 1421(c). The Court dismisses this case without prejudice.[2] *See Zayed*, 368 F.3d at 907.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion for Summary Judgment [Docket No. 11] is GRANTED.

2. This case is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 13, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[2] In light of this conclusion, the Court need not address Defendants' arguments that Kummbella is statutorily ineligible for naturalization because she unlawfully entered the United States and that Defendants are not equitably estopped from asserting she unlawfully entered the country. The Court also declines Kummbella's request to make findings of fact and conclusions of law "that may clear the way for her naturalization." *See Saba-Bakare v. Chertoff*, 507 F.3d 337, 340-41 (5th Cir. 2007); *Bellajaro*, 378 F.3d at 1047.